UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA CATARINA REIS SANTOS<br><br>Plaintiff,<br><br>v.<br><br>CHARLES REIS IV, et al.,<br><br>Defendant. | No. 1:20-cv-00109-LJO-SKO<br><br><u>ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION; AND</u><br><br><u>ORDER TO SHOW CAUSE WHY THIS CERTAIN DEFENDANTS SHOULD NOT BE DISMISSED FOR MISJOINDER</u><br><br>**FOURTEEN DAY DEADLINE**<br><br>(Doc. 1) |

Plaintiff Sara Catarina Reis Santos, appearing *pro se*, filed a complaint on January 21, 2020. (Doc. 1). From the court's initial review of the complaint, it appears that the court lacks subject matter jurisdiction to consider the claims presented.

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

/////

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Here, plaintiff has not checked either jurisdictional option ("federal question" or "diversity") on her complaint form. (Doc. No. 1 at 3.) Moreover, the complaint does not appear to contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. Instead, plaintiff appears to be asserting claims of wrongful termination against two separate employers, Taco Bell and Livingston Community Health, on independent occasions. (*Id*. at 1.) The complaint and its incorporated attachments suggest plaintiff was terminated from (or her employment otherwise ended at) Taco Bell in Livingstone, California on April 1, 2016, after plaintiff complained about sanitary issues in the restroom facilities there. (*See id*. at 9–11.) The complaint separately asserts that Livingston Community Health wrongfully terminated plaintiff on May 19, 2018, in retaliation for her voicing complaints about, among other things, how Livingstone Community Health handled walk-in patients. (*See id*. at 18–27.) In the section of the standard complaint form that inquires as to the basis for federal question jurisdiction, plaintiff mentions a "law enforcement record by [National Labor Relations Board (NLRB)] Case 32-CA-205510." (*Id*. at 4.) Apart from this, it is entirely unclear how her claims arise under federal law. While the NLRB is a federal agency, plaintiff fails to identify or even suggest what federal law any of her claims arise under.

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have

the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001), abrogated on other grounds by *Hertz Corp. v. Friend*, 559 U.S. 77 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456 (1926)); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof.").

Plaintiff's complaint alleges that plaintiff and at least one defendant are residents of California (*see* Doc. 1 at 1–2), which destroys the requisite complete diversity in this case. *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship")).

This Court has an independent duty to consider its own subject matter jurisdiction, whether or not the issue is raised by the parties and must dismiss an action over which it lacks jurisdiction. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Here, it appears that the court would lack subject matter jurisdiction over the claims in the complaint. **Therefore, plaintiff is ORDERED to SHOW CAUSE why this case should not be dismissed for lack of subject matter jurisdiction**. The court CAUTIONS plaintiff that, if she fails to respond to the jurisdictional concerns raised above within fourteen (14) days of the date of service of this Order, the court will dismiss the entire complaint.

In addition, plaintiff appears to have joined two wholly independent wrongful termination claims into a single lawsuit. According to Federal Rule of Civil Procedure 20(a)(2), a plaintiff may permissively join defendants in a single action only if (1) the plaintiff is asserting a right to relief against the defendants "jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences," and (2) the claims

involve a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(a)(2). Though improper joinder is not grounds for dismissal of an action, a court may on its own motion drop improperly joined parties or sever improperly joined claims. *See* Fed. R. Civ. P. 21. Accordingly, **plaintiff is also ORDERED to SHOW CAUSE why the Court should not dismiss one of the named defendants for improper joinder**. Therefore, even if plaintiff is able to establish subject matter jurisdiction over one or more claims in this case, plaintiff is CAUTIONED that if she fails to respond to the above concerns regarding joinder within fourteen (14) days of the date of service of this Order, the court will dismiss the defendants other than the first named defendant: Taco Bell.

Plaintiff shall file a written response to the above orders to show cause within fourteen (14) days of this Order. Alternatively, plaintiff may elect to file a notice of dismissal of this action instead of filing a response to this Order.

IT IS SO ORDERED.

Dated: **February 20, 2020**

UNITED STATES DISTRICT JUDGE

4