UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARA CATARINA REIS SANTOS<br><br>Plaintiff,<br><br>v.<br><br>CHARLES REIS IV, et al.,<br><br>Defendant. | No. 1:20-cv-00109-LJO-SKO<br><br>ORDER DISMISSING COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION<br><br>(Doc. No. 1) |

Plaintiff Sara Catarina Reis Santos, appearing *pro se*, filed her complaint initiating this action on January 21, 2020. (Doc. No. 1.) From the court's initial review of the complaint, it appears that the court lacks subject matter jurisdiction to consider the claims presented therein.

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction. Federal courts can adjudicate only those cases which the United States Constitution and Congress authorize them to adjudicate. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994). To proceed in federal court, a plaintiff's pleading must establish the existence of subject matter jurisdiction. Generally, there are two potential bases for federal subject matter jurisdiction: (1) federal question jurisdiction, or (2) diversity jurisdiction.

"[A] case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of

federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)). The presence or absence of federal question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under that rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id*.

Here, plaintiff has not checked either jurisdictional option ("federal question" or "diversity") on her form complaint. (Doc. No. 1 at 3.) Moreover, the complaint does not appear to contain any allegation of a violation arising under the Constitution, federal law, or treaties of the United States. Instead, plaintiff appears to be asserting claims of wrongful termination against two separate employers, Taco Bell and Livingston Community Health, allegedly occurring on separate occasions. (*Id*. at 1.) Plaintiff's complaint and its incorporated attachments suggest plaintiff was terminated from (or her employment otherwise ended at) Taco Bell in Livingstone, California on April 1, 2016, after plaintiff complained about sanitary issues in the restroom facilities there. (*See id*. at 9–11.) The complaint separately asserts that Livingston Community Health wrongfully terminated plaintiff more than two years later, on May 19, 2018, in retaliation for her voicing complaints about, among other things, how Livingstone Community Health handled walk-in patients. (*See id*. at 18–27.) In the section of the complaint form that inquires as to the basis for federal question jurisdiction, plaintiff mentions a "law enforcement record by [National Labor Relations Board (NLRB)] Case 32-CA-205510." (*Id*. at 4.) Apart from this, it is entirely unclear how plaintiff's claims purportedly arise under federal law. While the NLRB is a federal agency, plaintiff fails to identify or even suggest what federal law any of her claims arise under.

Alternatively, under 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." 28 U.S.C. § 1332. "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Communities for a Better Env't*, 236 F.3d

495, 499 (9th Cir. 2001), *abrogated on other grounds by Hertz Corp. v. Friend*, 559 U.S. 77 (2010). "A plaintiff suing in federal court must show in his pleading, affirmatively and distinctly, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court . . . on discovering the [defect], must dismiss the case, unless the defect be corrected by amendment." *Id.* (quoting *Smith v. McCullough*, 270 U.S. 456 (1926)); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857-858 (9th Cir. 2001) ("the party asserting diversity jurisdiction bears the burden of proof.").

Here, plaintiff's complaint alleges that she and at least one of the named defendants are residents of California (*see* Doc. No. 1 at 1–2), which destroys the requisite complete diversity in this case. *See Cook v. AVI Casino Enterprises, Inc.*, 548 F.3d 718, 722 (9th Cir. 2008) (citing *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (stating that diversity jurisdiction requires "complete diversity of citizenship")).

This court has an independent duty to consider its own subject matter jurisdiction, whether or not the issue is raised by the parties and must dismiss an action over which it lacks jurisdiction. *See Morongo Band of Mission Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction."). Here, it appears that the court lacks subject matter jurisdiction over the claims presented in plaintiff's complaint.

On February 21, 2020, plaintiff was ordered to show cause why this case should not be dismissed for lack of subject matter jurisdiction and/or why the court should not dismiss one of the named defendants due to misjoinder. (Doc. No. 7.) Plaintiff was given fourteen (14) days to respond. (*Id.*) On March 12, 2020, after the relevant deadline expired, plaintiff filed a request for an extension of time indicating that she "ha[s not] found an attorney" and "need[s] more time." (Doc. No. 8.) Because it was plaintiff's first request for an extension of time, her request was filed within one week of the relevant filing deadline, and plaintiff is proceeding *pro se*, the court granted her request for an extension on March 17, 2020, and ordered plaintiff to respond in thirty (30) days. (Doc. No. 9.) The court previously warned plaintiff that if she failed to respond to the

order show cause in a timely fashion, the court would dismiss the entire complaint. (Doc. No. 7.) The court further advised plaintiff that any further requests for extensions of time had to be supported by a compelling showing of good cause other than that already presented to the court in her first request. (Doc. No. 9.) The deadline for plaintiff to respond to the order to show cause has expired and no response thereto has been filed by plaintiff.

## **CONCLUSION**

For the foregoing reasons, the court DISMISSES plaintiff's complaint for lack of subject matter jurisdiction. Therefore, the court need not reach the issue of misjoinder. Accordingly, the Clerk of Court is directed to CLOSE THIS CASE.

IT IS SO ORDERED.

Dated: **May 11, 2020**

UNITED STATES DISTRICT JUDGE